# Darr, Administrator, *v.* Fidelity Title & Trust Company, Committee.

*Brokers—Stock brokers—Purchase of stock on margin—Hypothecation by broker—Conversion.*

In an action by a stock broker to recover the balance due upon the purchase price of certain stocks purchased for the defendant, it appeared that the defendant had given an order to the plaintiffs for the purchase of 500 shares of stock, which was accordingly done; that he had paid part of the purchase price to the plaintiffs and they carried the shares as security for the remainder of the purchase price; that within a few days after the stock was purchased the plaintiffs hypothecated the shares along with other collateral belonging to them as security for loans in excess of the amount due from the defendant; that later the plaintiffs received telegrams demanding the production of the shares in question and that the stock was redeemed and the plaintiff presented it to de-

fendant's agent, demanding the remainder of the purchase price, and this not being forthcoming the stock was retained; that later the shares of stock pledged with the plaintiff were sold for a large loss. *Held*, that the plaintiff was not entitled to recover.

Argued Nov. 6, 1913. Appeal, No. 278, Oct. T., 1913, by plaintiffs, from judgment of C. P. Allegheny Co., Jan. T., 1910, No. 617, on judgment for defendant non obstante veredicto in case of Lawrence Darr, Administrator of the Estate of George W. Darr, deceased, Joseph H. Moore and Arthur F. Luke, trading as Darr, Luke and Moore v. Fidelity Title & Trust Company, Committee of John Sloan, a lunatic. Before FELL, C. J., BROWN, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Action to recover alleged balance on an account for stock purchased on margin.

EVANS, J., filed the following opinion sur defendant's motion for judgment non obstante veredicto:

This case comes before the court on a motion for judgment n. o. v. ex parte defendant. The facts as found by the jury are as follows:

On May 16, 1907, John Sloan gave an order to the plaintiffs for the purchase of 500 shares of United Copper stock, which was purchased for him at a cost of $30,750. He paid $10,000 to the brokers and they carried the 500 shares as security for the remainder of the purchase price. Within a few days after the stock was purchased, about the 20th of May, 200 shares of the stock were hypothecated by the plaintiffs, along with other collateral belonging to plaintiffs, with the Workingmen's Savings Bank of Allegheny City, for a loan of $50,000 and the remaining 300 shares was hypothecated with the Union Trust Company of Pittsburgh, with other stock belonging to the plaintiffs, for a loan of $250,000.

Sometime in October, 1907, the plaintiffs received a telegram signed John Sloan, and one from Heinze & Co., of New York, demanding the production of the 800

shares of stock placed in the hands of the plaintiffs as collateral on the amount due on the purchase price of 500 shares at the place of business of Heinze & Co. on the day following. The stock was redeemed and the plaintiffs presented it at the place of business of Heinze & Co. in New York City, demanding from them the remainder of the purchase price, which not being forthcoming the stock was retained.

On June 21, 1909, the 800 shares of stock pledged with the plaintiffs was sold by the plaintiffs for $5.00 a share, and this suit is brought to recover the remainder of the purchase price, $19,507.

I see no distinction in this case from the case of Sproul & Co. against the same defendant, decided by the Supreme Court of this State at No. 90 October Term, 1912, on May 28, 1913. The plaintiffs' counsel contends that the case at bar differs from the case of Sproul & Co. v. Sloan in that there was no evidence in the latter case of the demand made by the telegrams of Sloan and Heinze & Co. in October of 1907. I am not able to see the distinction which counsel draws. If the hypothecation of this stock in May and June was a conversion of the stock by the plaintiffs, then the defendant had a right to repudiate the transaction as soon as he learned of that conversion, and there is no evidence that he learned of the conversion until it was developed at the trial of the case. In this view of the case, the verdict for the plaintiffs is wrong and judgment should be entered for the defendant notwithstanding the verdict.

And now, September 30, 1913, judgment is hereby entered for the defendant in the above entitled case non obstante veredicto.

Further facts appear by the report of Sproul v. Sloan, 241 Pa. 284.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*Jas. W. Kinnear,* of *Kinnear, McCloskey & Best,* for appellants.—Inasmuch as the defendant demanded delivery of his stock at a certain time and plaintiffs tendered delivery as demanded, which tender was refused to the great injury of the plaintiffs, not because the stock had been hypothecated, but because of over buying, defendant is estopped from setting up the former technical conversion of his stock as a defense to this action, even though he did not know his stock had been technically converted by the plaintiffs: Chapman v. Chapman, 59 Pa. 214; Hill v. Epley, 31 Pa. 331; Putnam v. Tyler, 117 Pa. 570; Miller's App., 84 Pa. 391; Comm. v. Moltz, 10 Pa. 527; Pickard v. Sears, 6 Adol. & Ellis 469; Dezell v. Odell, 3 Hill 215; Anthony v. Unangst, 174 Pa. 10.

*John M. Freeman,* of *Watson & Freeman,* with him *Robert Woods Sutton,* and *Harry F. Stambaugh,* for appellee.—The demand by Heinze & Company upon the plaintiffs for delivery of this stock did not waive or estop the defendant from raising the question of the plaintiffs' illegal conversion of the stock: Adams v. Ashman, 203 Pa. 536; Brant v. Virginia Coal & Iron Co., 93 U. S. 326; Freedman v. Fire Association, 168 Pa. 249; Diehl v. Ins. Co., 58 Pa. 443; Pence v. Langdon, 99 U. S. 578; Franklin Nat'l. Bank v. Whitehead, 149 Ind. 560; Burnham v. Lawson, 118 N. Y. App. Div. 389; Stewart v. Harris, 101 N. Y. App. Div. 181.

PER CURIAM, January 5, 1914:

We concur in the conclusions stated by Judge EVANS, that this case is controlled by the decision in Sproul v. Sloan, 241 Pa. 284, and we affirm the judgment on his opinion, entering judgment for the defendant non obstante veredicto.